IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HASAN SHAREEF, | 2:19-cv-1330 |
| Plaintiff, | |
| vs. | Hon. J. Nicholas Ranjan |
| BRIAN PALKO, *et al.*, | Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | |

## MEMORANDUM ORDER

This is a *pro se* prisoner civil rights action filed by Plaintiff Hasan Shareef pursuant to 42 U.S.C. § 1983. The complaint was referred to Magistrate Judge Lisa Pupo Lenihan for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is a Report & Recommendation filed by Judge Lenihan on June 17, 2020, recommending that Mr. Shareef's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and 28 U.S.C. § 1915A(1) and (2). [ECF 13]. Mr. Shareef was notified that, pursuant to 28 U.S.C. § 636(b)(1)(C), objections to the Report & Recommendation were due by July 6, 2020, and he filed timely Objections on that date. [ECF 14]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must now make a *de novo* determination of those portions of the Report & Recommendation to which objections were made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge. The Court may also recommit the matter to the magistrate judge with instructions.

In his objections, Mr. Shareef appears to expound upon many of the same allegations that he made in his complaint. Those allegations were aptly summarized by Judge Lenihan as suggesting "that he was not brought in front of the same magistrate judge who issued the warrant for his arrest, that the magistrate judge was not neutral and detached, that he was subject to a malicious prosecution by the Butler County District Attorney's Office, that he was subject to a false arrest and/or imprisonment, and that he complained about all of this to his defense attorneys who failed to take any action." [ECF 13, p. 4 (citing ECF 5, pp. 2-3)]. What Mr. Shareef's objections do not provide, however, is any basis for rejecting Judge Lenihan's well-reasoned conclusion that his claims are barred by the insurmountable combination of Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, the limitation of Section 1983 to acts "under color of state law," and the statute of limitations.

Thus, upon *de novo* review of the Report & Recommendation and Mr. Shareef's objections thereto, the following order is now entered.

AND NOW, this 13th day of July, 2020, it is ORDERED that the Report & Recommendation [ECF 13] is adopted as the Opinion of the Court.

IT IS FURTHER ORDERED that Mr. Shareef's complaint [ECF 5] is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and 28 U.S.C. 1915A(1) and (2). The Court finds that amendment of Mr. Shareef's claims would be futile and so this dismissal is WITH PREJUDICE.

IT IS FURTHER ORDERED that, upon entry of final judgment by the Court, the Clerk of Court mark this case CLOSED.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Mr. Shareef has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

DATE: July 13, 2020                              /s/ *J. Nicholas Ranjan*
                                                 United States District Judge

Cc:   Hasan Shareef
      NU-0779
      SCI Forest
      P.O. Box 307
      Marienville, PA  16239